IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND PRINKEY,            )
                            )
            Plaintiff,      )
                            )
      v.                    ) Civil Action No. 11-65J
                            )
MICHAEL J. ASTRUE,          )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
            Defendant.      )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 1st day of October, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, denied. The Commissioner's decision of December 18, 2009, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

AO 72
(Rev. 8/82)

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff filed his pending application for SSI on February 23, 2006, alleging disability beginning February 1, 2006, due to osteoarthritis. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on August 22, 2007, at which plaintiff appeared and testified. On August 31, 2007, the ALJ issued a decision finding that plaintiff is not disabled. However, the Appeals Council subsequently vacated the ALJ's decision and remanded for further consideration.

On October 7, 2009, plaintiff appeared and testified at another hearing before an ALJ. On December 18, 2009, the ALJ issued a decision again finding that plaintiff is not disabled.

On February 10, 2011, the Appeals Council denied review making the ALJ's December 18, 2009, decision the final decision of the Commissioner.

Plaintiff was 48 years old on the date he applied for SSI, which is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). However, he was 52 years old at the time of the ALJ's decision, which is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a limited education. 20 C.F.R. §416.964(b)(3). He has past relevant work experience as a sawmill laborer and equipment operator, but has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of history of right knee osteoarthritis, right knee meniscus tear, chronic obstructive pulmonary disease, hypertension, hyperlipidemia and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at 20 C.F.R., Part 404, Subpart P, Appendix 1.

The ALJ further found that although plaintiff's impairments preclude him from returning to his past relevant work, he retains the residual functional capacity to perform light work with certain modifications recognizing the limiting effects of his

AO 72
(Rev. 8/82)

impairments including, *inter alia*, he is limited to "occasional standing or walking, no more than two hours out of an eight hour work day" as well as no more than occasional postural maneuvers and no more than occasional pushing and pulling with the lower extremities to include the operation of foot pedals. (R. 19).

Taking into account these limiting effects, a vocational expert identified numerous categories of light jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including ticket seller, routing clerk and information clerk. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a

AO 72
(Rev. 8/82)

claimant is under a disability.[1] 20 C.F.R. §416.920; <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. <u>Id</u>.; <u>see</u> <u>Barnhart v. Thomas</u>, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's finding at step 5 of the sequential evaluation process. Specifically, plaintiff alleges that: (1) the restrictions set forth in the ALJ's residual factual capacity finding preclude plaintiff from performing any "light work" as it is defined in the regulations and instead are more consistent with a maximum sustained work capability for sedentary work; and, (2) the restriction in the ALJ's residual functional capacity finding limiting plaintiff to no more than two hours of standing or walking in an 8-hour workday precludes him from performing any of the jobs identified by the vocational expert upon which the ALJ relied in finding him not disabled.[2]

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920. See also <u>Newell</u>, 347 F.3d at 545-46.

[2] Plaintiff raises several additional arguments: (1) that the ALJ improperly rejected the consultative examiner's assessment that plaintiff is limited to standing and walking "less than an hour"; (2) that plaintiff's testimony concerning his inability to stand and walk for prolonged periods supports the consultative examiner's assessment; and, (3) the ALJ failed to consider the effects of plaintiff's obesity in combination with his other impairments. The court has considered these arguments and finds each of them to be without merit. The court

AO 72
(Rev. 8/82)

Upon consideration of the applicable regulations, rulings and case law, the court agrees that the ALJ's residual functional capacity finding that plaintiff can do a limited range of <u>light</u> work is not supported by substantial evidence.

At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §416.945(a); <u>Fargnoli</u>, 247 F.3d at 40.

Here, the ALJ found that:

> "[plaintiff] has the residual factual capacity to perform light work as defined in 20 C.F.R. 416.967(b), except [he] is limited to occasional standing or walking, no more than two hours out of an eight hour work day, is limited to no more than occasional postural maneuvers ... is limited to no more than occasional ... pushing and pulling with the ... lower extremities to include the operation of ... foot pedals ...."

(R. 19).

Neither plaintiff nor the Commissioner disputes that all of the restrictions found by the ALJ are supported by substantial

---

is satisfied that the ALJ adhered to the appropriate standards in evaluating the medical evidence (20 C.F.R. §416.927 and 416.945; SSR 96-2p and 96-8p) and plaintiff's subjective complaints of pain and limitations (20 C.F.R. §416.929(c); SSR 96-7p) and that his findings adequately are explained and supported by substantial evidence. (R. 22-23). It also is clear from the ALJ's decision that he complied with SSR 02-1p and considered any additional and cumulative effects of obesity when assessing plaintiff's residual functional capacity. (R. 23).

evidence in the record. Rather, the only issue before this court is whether the ALJ properly found, with those restrictions, that plaintiff has the residual functional capacity to perform a limited range of light work.

Here, plaintiff argues, and the court agrees, that the limitations set forth in the ALJ's residual functional capacity finding that plaintiff can stand or walk "no more than two hours" out of an eight-hour work day <u>and</u> that he can do no more than occasional "pushing and pulling with the lower extremities" are so restrictive as to effectively preclude plaintiff from performing even a limited range of light work as it is defined in the regulations.

First, under the regulations and rulings, standing and walking "no more than two hours" is the <u>maximum</u> amount that an individual limited to <u>sedentary</u> work can do. Although a sedentary job is defined as one which involves sitting, the regulations recognize that "a certain amount of standing and walking are required occasionally in carrying out job duties." 20 C.F.R. §416.967(a). SSR 83-10 explicitly states that "since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday." Likewise, SSR 96-9p provides that "the <u>full</u> range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday." (emphasis added).

AO 72
(Rev. 8/82)

It is axiomatic that residual functional capacity is not the least an individual can do despite his limitations but the most. SSR 96-8p; see also SSR 83-10 (RFC is used to determine the "maximum sustained capability for work"); 20 C.F.R. §416.945(a) ("your residual functional capacity is the most you can still do despite your limitations"). Here, although the ALJ found that plaintiff can do a reduced range of light work, he also found that plaintiff can not stand or walk more than 2 hours in an 8-hour workday, the most an individual limited to the full range of sedentary work can do. Coupled with the limitation of occasional pushing and pulling, the court believes that the ALJ's residual functional capacity finding more properly is characterized as limiting plaintiff to at most sedentary work.

Moreover, the restrictions set forth in the ALJ's residual functional capacity are incompatible with the definition of light work set forth in the regulations. 20 C.F.R. §416.967(b) defines "light work" as work which involves lifting no more than 20 pounds with frequent lifting of up to 10 pounds. The regulation further instructs that "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of leg and arm controls."

SSR 83-10 expands upon the definition of light work. Under that ruling "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." The ruling notes that "a good deal of walking or

standing [is] <u>the primary difference between sedentary and most light jobs</u>" (emphasis added). The ruling also instructs that a job may be categorized as light when it "involves sitting most of the time <u>but</u> with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work, e.g., mattress sewing machine operator, motor-grader operator and road-roller operator."

Here, the ALJ's residual functional capacity finding restricting plaintiff to only occasional standing or walking effectively eliminates any light work as defined in the regulations with the exception of sitting jobs that require "some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." However, the ALJ <u>also</u> restricted plaintiff to only "occasional pushing and pulling with the upper and lower extremities to include the operation of hand levers and foot pedals." (R. 19). Although neither the regulations nor the specifically define "<u>some</u> pushing and pulling," the examples set forth in SSR 83-10 suggest that light sitting jobs generally involve the operation of machinery such as mattress sewing machines, motor-graders and road-rollers, which clearly require more than occasional pushing and pulling with hand levers and/or foot pedals.

Because the restrictions set forth in the ALJ's residual functional capacity finding preclude plaintiff from performing "light" work as it is defined in the regulations, and, in fact, limit plaintiff to a maximum sustained capability for sedentary

work, this court finds that the ALJ's residual functional capacity finding supports the conclusion that plaintiff is limited to no more than <u>sedentary</u> work, with the other restrictions supported by the record. See, e.g., Rush v. Barnhart, 45 Fed.Appx. 191 (3d Cir. 2002)(ALJ's residual functional capacity finding that plaintiff was limited to light work with restrictions including, *inter alia*, a sit-stand option and no prolonged standing or walking, more properly characterized as sedentary).[3]

Having concluded that the ALJ's finding that plaintiff has the residual functional capacity for light work with restrictions is not supported by substantial evidence, the court must also conclude that the ALJ's step 5 finding that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy likewise is not supported by substantial evidence, necessitating a remand of this case for additional consideration as to whether an individual of plaintiff's age, education, work experience and a residual functional capacity for <u>sedentary</u> work with the enumerated restrictions is capable of performing work existing in the national economy.

---

[3] The Commissioner argues that "there is no support for the proposition that a finding of a limited range of light work automatically translates to a finding of an RFC for sedentary work." The court agrees in principle. However, where, as here, a claimant's residual functional capacity is reduced to the point that he is limited to no more than the maximum sustained walking and standing capability required for sedentary work, <u>and</u> also to only occasional pushing and pulling with the lower extremities, it is appropriate to conclude that plaintiff has the residual functional capacity only for sedentary work and not merely for "a limited range of light work."

AO 72
(Rev. 8/82)

- 10 -

In this regard, plaintiff argues that a finding that he has a residual functional capacity limited to sedentary, rather than light, work with the enumerated restrictions: (1) compels a finding of "disabled" as of the date he turned 50 years old under the Medical-Vocational Guidelines, or "grids", as set forth in 20 C.F.R., Part 404, Subpart P, Appendix 2; and, (2) for the time period from his onset date to his 50th birthday, requires a remand for reconsideration of whether the restriction limiting him to no more than two hours of standing or walking in an 8-hour workday precludes him from performing any of the jobs identified by the vocational expert upon which the ALJ relied in finding him not disabled.

The court first will address plaintiff's contention that he is disabled under the Grids as of the date he turned 50.[4] The grids set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond <u>exactly</u> with the four factors set forth in the grids, the ALJ must reach the result the grids reach. <u>Sykes v. Apfel</u>, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §404.1569; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00.

---

[4] Plaintiff was 48 years old on the date he applied for SSI, which is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). On March 20, 2007, however, he turned 50 and became classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d).

Plaintiff contends that for an individual closely approaching advanced age, with a limited education, whose previous work experience was skilled and semi-skilled, and who retains a maximum sustained work capability limited to sedentary work, a finding of disabled is compelled under Grid Rule 201.10.

However, while Grid Rule 201.10 in fact does compel a finding of "disabled" for an individual as described by plaintiff <u>and</u> who has non-transferable work skills, grid Rule 201.11 directs a finding of "not disabled" for the same individual but who has <u>transferable</u> work skills. Here, because the ALJ erroneously found that plaintiff had a residual functional capacity for light work, he found that "transferability of skills is not material to the determination of disability because using the [grids] as a framework supports a finding that [plaintiff] is 'not disabled' whether or not [he] has transferable job skills." (R. 24).

Accordingly, on remand, the ALJ must make a determination as to transferability of job skills to determine whether or not plaintiff is disabled under the grids as of March 27, 2007, the day he turned 50 and became classified as an individual closely approaching advanced age. If the ALJ finds that plaintiff's job skills from his previous skilled or semi-skilled work experience are not transferable, a finding of disabled as of age 50 will be compelled by the grids and plaintiff will be entitled to benefits as of that date.[5]

---

[5] If plaintiff's skills are found to be transferable, because plaintiff has additional non-exertional restrictions limiting his

AO 72
(Rev. 8/82)

The court also believes that additional consideration is necessary on remand as to whether plaintiff was disabled as a younger individual prior to reaching age 50. At step 5, the ALJ relied upon the testimony of a vocational expert who identified numerous categories of light jobs which plaintiff could perform based upon his age, education, work experience and a residual functional capacity for light work with restrictions, including ticket seller, routing clerk mail sorter and information clerk. (R. 24).

Plaintiff argues, however, that the restriction limiting him to no more than two hours of standing or walking in an 8-hour workday precludes him from performing any of the jobs identified by the vocational expert upon which the ALJ relied in finding him not disabled. Because there is an apparent conflict between the testimony of the vocational expert as to the jobs that plaintiff can perform and the description of those jobs in the Dictionary of Occupational Titles ("DOT"), the court cannot find that substantial evidence supports the ALJ's finding that work exists in the national economy that plaintiff can perform notwithstanding the ALJ's erroneous residual functional capacity finding.

---

ability to perform the full range of sedentary work, a finding of "not disabled" is not compelled by Rule 201.11, rather, the ALJ must use the grids as a framework at step 5. Sykes, 228 F.3d at 263; AR 01-1(3); Appendix 2, §200.00(e)(2) ("where an individual has an impairment or combination of impairments resulting in both strength limitations and non-exertional limitations ... the rule(s) reflecting the individual's maximum residual strength capabilities, age, education and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs which would be contraindicated by the non-exertional limitations.")

AO 72
(Rev. 8/82)

SSR 00-4p requires an ALJ to identify and obtain a reasonable explanation for conflicts between occupational evidence provided by a vocational expert and information in the DOT and to explain in his decision how any conflict that has been identified was resolved.

Here, all three of the jobs identified by the vocational expert, ticket seller (DOT 211.467-030), routing clerk mail sorter (DOT 222.687-022), and information clerk (DOT 237.367-018) are classified as light in the DOT. However, based on the descriptions of those jobs in the DOT, it appears as though all of them are classified as light because they require "a good deal of walking or standing - <u>the primary difference between sedentary and most light jobs.</u>" SSR 83-10. Here, none of the DOT descriptions suggest that these jobs require "more than occasional pushing and pulling with hand levers and/or foot pedals," the only types of sitting jobs that fall within the definition of light work.

Significantly, SSR 83-10 explicitly notes that "[r]elatively few unskilled light jobs are performed in a seated position." Here, however, the vocational expert managed to identify 3 broad categories of light jobs that plaintiff purportedly can perform while seated 6 hours per workday, but none of which appear to require any sort of pushing or pulling with hand levers and/or foot pedals at an exertional level beyond that typically required of sedentary work. Thus, at a minimum, there is an apparent conflict between the DOT's description of the jobs identified by the vocational expert and the vocational expert's testimony that

AO 72
(Rev. 8/82)

an individual limited to standing or walking no more than 2 hours out of an 8-hour workday can perform those jobs.

Accordingly, on remand the ALJ must reconsider his step 5 and either obtain additional vocational testimony identifying other jobs that an individual limited to less than the full range of <u>sedentary</u> work can perform and/or explain his resolution of the apparent conflict between the vocational expert's testimony that plaintiff, even if he is limited to less than the full range of sedentary work, nevertheless can perform the light jobs he previously identified and the descriptions of those jobs as set forth in the DOT.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

*[signature]*
Gustave Diamond
United States District Judge

cc: David M. Axinn, Esq.
P.O. Box 597
Hollidaysburg, PA 16648

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901

AO 72
(Rev. 8/82)